UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jermaine L. Gore, | ) C/A No. 9:08-1806-RBH-GCK |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendations** |
| | ) **of the Magistrate Judge** |
| The Conway City Police Department; | ) |
| Mayor Gregory K. Martin; | ) |
| Captain L. Ronnie Sessions; | ) |
| Chief of Police, R.E. Gosnell; | ) |
| Tyrone Williams; | ) |
| Det. M. Johnson; | ) |
| Shift Supervisor, Eddie Scott; | ) |
| Sgt F Addison; | ) |
| Officer NFN Workman, and | ) |
| Judge Andy Hendricks, | ) |
| | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a local detention center inmate.[1] Plaintiff is currently confined at the J. Reuben Long Detention Center, apparently pending trial on undisclosed criminal charges somehow involving Plaintiff's former girlfriend. He contends that various members of the Conway City Police Department and others violated his constitutional rights in connection with his arrest and incarceration on the pending charges. Specifically, Plaintiff alleges that he is the victim of "false arrest" and "discrimination" and "obstruction of justice" committed by Defendants. He seeks both damages and injunctive relief.

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint and Amended Complaint filed in this case are both subject to partial summary dismissal as to two Defendants under the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Complaint and Amended Complaint should be summarily dismissed as to Defendant City of Conway Police Department because the department is not a proper defendant in a legal action

2

filed under 42 U.S.C. § 1983.[2] In order to state a claim for relief under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL

---

[2] Plaintiff's Complaint is properly before this Court pursuant to 42 U.S.C. § 1983 because he is claiming that his federal constitutional rights have been violated by state/local government officials and employees. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

115759 (S.D.N.Y. Jun 20, 1991). Moreover, municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983. This view is in accord with the majority of federal courts that have addressed this issue. *See, e.g., U. S. v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 163-64 (D. Conn. 2005); *Stump v. Gates*, 777 F. Supp. 808, 815-16 (D. Colo. 1991); *Hoffman v. Hunt*, 845 F. Supp. 340, 344 n. 1 (W.D.N.C. 1994); *PBA Local No. 38 v. Woodbridge Police Dep't*, 832 F.Supp. 808, 825-26 (D.N.J. 1993); *Johnson v. City of Erie*, 834 F.Supp. 873, 878-79 (W.D. Pa.1993); *Hall v. Neal*, No. 5:04-CV-65-OC-10GRJ, 2006 WL 462600, at *3 (M.D. Fla. Feb.27, 2006); *Shilling v. Brush*, No. 4:05-CV-871, 2005 WL 2100707, at *3 (M.D. Pa. Aug.26, 2005); *but see Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 548 (D. Md. 2003) (holding Baltimore City Police Department is a "person" amenable to suit under § 1983 ).

Also, to the extent that Plaintiff seeks relief from Judge Andy Hendricks, his suit is barred by the doctrine of judicial immunity and 42 U.S.C. § 1984. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds, Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*,

4

502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). Since the allegations against Defendant Judge Hendricks have to do with rulings he made and judicial actions he took in connection with Plaintiff's pending criminal case, to the extent that it applies to Judge Hendricks, this case is barred under judicial immunity to the extent it seeks damages. Any claim for injunctive relief against this state actor is likewise barred under the circumstances of this case. *See* 42 U.S.C. § 1984 (bars injunctive relief against state actors except in very limited circumstances not present here); *Younger v. Harris*, 401 U.S. 37 (1971) (absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989)(injunctive relief not available if it would interfere with pending state action).



5

## Recommendation

Accordingly, it is recommended that the District Court partially dismiss the Complaint and Amended Complaint in this case *without prejudice* and without issuance and service of process as to Defendants City of Conway Police Department and Judge Andy Hendricks only. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint and Amended Complaint should be served on the remaining Defendants. Plaintiff's attention is directed to the important notice on the next page.

George C. Kosko
United States Magistrate Judge

May 28, 2008
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).